

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

DANIEL LUGO,

              Defendant.

**MEMORANDUM & ORDER**

01-CR-922

**Appearances**

    **For Petitioner:**

        Robert M. Radick
        Morvillo Abramowitz Grand Iason Anello & Bohrer, P.C.
        565 Fifth Avenue
        New York, NY 10017
        212-856-9600
        rradick@maglaw.com

    **For Respondent:**

        Lauren Howard Elbert
        Patrick Hein
        United States Attorney's Office for the Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, NY 11201
        718-254-7577
        lauren.elbert@usdoj.gov



JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I. Introduction ................................................................................................................2
II. Background ................................................................................................................4
III. Law ............................................................................................................................5
   A. Writ of *Habeas Corpus Ad Prosequendum* for Purposes of Federal Prosecution ............5
   B. 28 U.S.C. § 2241 Petitions for a Writ of *Habeas Corpus* for Illegal Detention ................6
   C. Repeat Filing of Section 2241 Petitions ....................................................................7
   D. Writ of Error *Coram Nobis* ......................................................................................8
   E. Writ of *Audita Querela* ............................................................................................9
   F. Abuse of Writ ..........................................................................................................10
IV. Application of Law to Facts ....................................................................................11
   A. Execution of the Federal Writ of *Habeas Corpus Ad Prosequendum* for Purposes of Federal Prosecution ..............................................................................................11
   B. Alleged Interference with New York State Division of Parole .................................12
V. Conclusion ................................................................................................................12

*[A] time-tested device, the writ [maintains] the delicate balance of governance that is itself the surest safeguard of liberty.*

*Boumediene v. Bush*, 553 U.S. 723, 725 (2008) (internal quotation marks and citation omitted).

## I. Introduction

Relying on ancient writs, petitioner Daniel Lugo makes an argument for immediate release from federal prison. His contentions have already been rejected by another federal district court. Obfuscation of history does not cure this petition's lack of merit.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), petitioner seeks one or both of two ancient English writs: *Coram Nobis* and *Audita Querela*. His argument is two-fold.

First, he alleges that failure to timely execute a federal writ of *habeas corpus ad prosequendum* to bring him from state prison to be tried (and convicted) in this court invalidated the writ. He claims that it was the federal government which assumed primary custody during

2

the one year and eleven days of prosecution in this court. He seeks credit for that period towards his federal sentence. Pet. for Writ of Audita Querela and/or Writ of Error Coram Nobis 8; Letter from Counsel for Pet'r to Court, Feb. 27, 2015, ECF No. 519; Decl. of Daniel Lugo 8, ECF No. 522-1; Decl. in Reply to Opp'n 8; Letter from Counsel for Pet'r to Court, Feb. 27, 2015; H'rg Tr., Apr. 1, 2015.

Second, he contends that a letter allegedly improperly sent by the United States to the New York State Division of Parole outlining the facts of the cruel murder that led to his federal conviction caused a delay of approximately three years in his "release" by the parole board so that he could be taken into federal custody. Pet. for Writ of Audita Querela and/or Writ of Error Coram Nobis Under the All Writs Act (§1651(a)), Jan. 27, 2015, ECF No. 514; Decl. in Reply to Opp'n to Pet. for Writ of Audita Querela and/or Writ of Error Coram Nobis Under the All Writs Act (§1651(a)), Mar. 20, 2015, ECF No. 525; Letter from Counsel for Pet'r to Court, Feb. 27, 2015; Letter from Counsel for Pet'r to Court, Mar. 24, 2015, ECF No. 522; Letter from Counsel for Pet'r to Court, Apr. 8, 2015, ECF No. 530. He seeks credit toward his federal sentence for the period when the parole board denied parole. Pet. for Writ of Audita Querela and/or Writ of Error Coram Nobis Under the All Writs Act (§1651(a)) 8; Letter from Counsel for Pet'r to Court, Apr. 8, 2015.

Petitioner contends that these errors, taken together, have caused him to have already served more than the ten-year maximum federal prison sentence for his federal crime—a detention in violation of his constitutional rights. *Id.*

Respondent opposes all claims. *See* Mem. in Opp'n to Mot. for Writ of Audita Querela and/or Writ of Error Coram Nobis Under the All Writs Act (§1651(a)), Mar. 11, 2015, ECF No. 521.

3

No constitutional or other right of petitioner is being denied by his incarceration. The petition is dismissed. *See generally* H'rg Tr., Apr. 1, 2015.

## II. Background

On June 27, 2013, petitioner filed a petition in the Northern District of New York for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241; he sought immediate release from federal prison. Pet. for Writ of Habeas Corpus, 13-CV-00735 (N.D.N.Y.), ECF No. 1; Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus 11, 13-CV-00735 (N.D.N.Y.), ECF No. 1-1. He argued that no properr writ of *habeas corpus ad prosequendum* had been issued in order to loan him from the State (where he was imprisoned after being convicted of a state crime) to federal custody for his arraignment (and prosecution for a federal crime). Mem. 13, 13-CV-00735 (N.D.N.Y.).

His argument supporting his Northern District petition was that his federal custody for the federal crime for which he was ultimately convicted commenced either:

- on <u>October 18, 2001</u>, when he was transferred into federal custody to be arraigned, through October 29, 2002 (when his federal sentence was imposed), and continued until May 28, 2013 (the date he signed a *habeas* petition) (Mem. 10–11, 13-CV-00735 (N.D.N.Y.); Decision & Order, *Lugo v. D. Hudson*, 13-CV-00753 (N.D.N.Y. June 16, 2014), ECF No. 17, *on appeal* 14-302 (2d. Cir. June 25, 2014)); <u>or</u>

- on <u>October 29, 2002</u> (when his federal sentence was imposed) and continued until May 28, 2013 (the date he signed a *habeas* petition) (*Id.*).

Under either theory, he contended he is entitled to immediate release. *Id.*

The petition in the Northern District was denied. That case is currently on appeal before

4

the Court of Appeals for the Second Circuit. *See Lugo*, 14-302.

On February 3, 2015, petitioner filed the instant petition in the Eastern District making arguments similar to those made in the Northern District, but now seeking relief based on two ancient writs. Pet. for Writ of Audita Querela and/or Writ of Error Coram Nobis. Armed with a copy of the purported writ of *habeas corpus ad prosequendum*, he argues that writ did physically exist, but was invalid because it was not timely executed. *Id.*; Letter from Counsel for Pet'r to Court 2, Feb. 27, 2015; Decl. of Daniel Lugo 2; Letter from Counsel for Pet'r to Court 3, Mar. 24, 2015.

Petitioner argues, as already noted, that his current federal custody commenced on October 18, 2001, when he was transferred from a state penitentiary to the custody of federal authorities in the Eastern District of New York to be arraigned; it continued until October 29, 2002, when he returned to the State to complete his state sentence. Pet. for Writ of Audita Querela and/or Writ of Error Coram Nobis 5–6; Letter from Counsel for Pet'r to Court 2, Feb. 27, 2015; Decl. of Daniel Lugo 7; Letter from Counsel for Pet'r to Court 3 n.3, Mar. 24, 2015. He seeks credit for that time toward his federal sentence, which, together with the alleged approximate three-year extension of his state incarceration due to the allegedly improper letter to the State Division of Parole, should, he claims, result in an immediate release from federal custody. Pet. for Writ of Audita Querela and/or Writ of Error Coram Nobis 5–6, 8; Letter from Counsel for Pet'r to Court 3, Feb. 27, 2015; Decl. of Daniel Lugo 8; Letter from Counsel for Pet'r to Court 6, Mar. 24, 2015.

### III. Law

#### A. Writ of *Habeas Corpus Ad Prosequendum* for Purposes of Federal Prosecution

"As a general rule, the first sovereign to arrest an offender has priority of jurisdiction

over him [or her] for trial, sentencing, and incarceration." *Dutton v. U.S. Attorney Gen.*, 713 F. Supp. 2d 194, 200 (W.D.N.Y. 2010) (internal quotation marks and citations omitted*); United States v. Gonzalez*, 194-CR-313, 1998 WL 691080, at *1 (S.D.N.Y. Sept. 30, 1998) (same). "This jurisdiction continues until the first sovereign relinquishes its priority by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence." *Dutton*, 713 F. Supp. 2d at 200 (internal quotation marks and citations omitted).

The federal writ of *habeas corpus ad prosequendum* merely "loans the prisoner to federal authorities." *United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993) (citations omitted). The writ is issued where it "is necessary to bring [the prisoner] into court to testify or for trial." 28 U.S.C. § 2241(c)(5). "A federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of *habeas corpus ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences *only when the state authorities relinquish the prisoner on satisfaction of the state obligation*." *Smith*, 812 F. Supp. at 370 (citations omitted) (footnote omitted) (emphasis added).

### B. 28 U.S.C. § 2241 Petitions for a Writ of *Habeas Corpus* for Illegal Detention

Section 2241 of title 28 recognizes the power of federal judges to grant writs of *habeas corpus*. In relevant part, section 2241 reads: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Writs of *habeas corpus* are usually issued after trial in a federal court when it is claimed, *inter alia*, that the trial or sentence involved errors in violation of constitutional rights of the petitioner. *See* 28 U.S.C. § 2241(c)(3) ("in custody in violation of the Constitution"); 28 U.S.C. § 2255 (federal custody; remedies on motion attacking sentence).

The Court of Appeals for the Second Circuit has held that "it is the substance of the petition, rather than its form that governs" the treatment of section 2241 and other *habeas* petitions in district courts. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (internal quotation marks and citation omitted).

Based on the nature of the claims and relief sought by a petitioner, it is within the discretion of district court judges to assess a mislabeled petition and proceed with analysis under appropriate statutory sections. *See Jackson v. Capra*, 14-CV-202, 2015 WL 367085, at *4 (S.D.N.Y. Jan. 28, 2015) (treating petition labeled a section 2241 petition as section 2254 petition based on the nature of petitioner's claim), *report and recommendation adopted by* 2015 WL 1064900 (S.D.N.Y. Mar. 2, 2015); *Lester v. Shult*, 09-CV-421, 2009 WL 1140485, at *4 (N.D.N.Y. Apr. 27, 2009) (treating 2241 petition as a 2255 petition where petitioner challenged the validity of his underlying conviction rather than the execution of sentence).

No claim is made by the petitioner that his conviction and sentence in this district was constitutionally invalid. *See* 28 U.S.C. § 2255. Such a claim would be brought in the district court of conviction, the Eastern District of New York. *See id.*

### C. Repeat Filing of Section 2241 Petitions

Section 2244(a) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgement of a court of the United States if it appears that the legality of such detention has been determined by a judge or courts of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

It is unclear whether section 2241 petitions are subject to the requirements of the

AEDPA. *See Simon v. United States*, 359 F.3d 139, 142–43 (2d Cir. 2004) (noting lack of clarity in the Circuit on the interplay between AEDPA and section 2241); *Agoro v. United States*, 11-CV-1818, 2011 WL 1330771, at *2 (S.D.N.Y. Apr. 4, 2011) (same). "Even if AEDPA's restrictions on successive petitions apply [to 2241 petitions], the Court of Appeals for the Second Circuit has held that a subsequent section 2241 petition should *not* be considered *successive* where appellate proceedings following the district court's adjudication of the prior section 2241 petition *remain pending* at the time a new petition is filed." *Agoro*, 2011 WL 1330771, at *2 (emphasis added) (citation omitted). Such a petition "should generally be treated as a *motion to amend* the pending petition." *Id.* (emphasis added) (citing *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) and *Whab v. United States*, 408 F.3d 166 (2d Cir. 2005)).

### D. Writ of Error *Coram Nobis*

> *[C]oram [N]obis: . . . A writ of error taken from a judgment of the King's Bench. . . .*

*Black's Law Dictionary* 412 (10th ed. 2009).

The writ of error *coram nobis* is a common law remedy dating back to "before the Republic's founding." *Medina v. United States*, 12-CV-238, 2012 WL 742076, at *1 (S.D.N.Y. Feb. 21, 2012). The writ is an "extraordinary remedy" to correct legal or factual "errors of the most fundamental character." *United States v. Salcido*, 475 F. App'x 788, 790 (2d Cir. 2012) (internal quotation marks and citation omitted); *United States v. Denedo*, 556 U.S. 904, 912–13 (2009) (same). *See, e.g., Korematsu v. United States*, 584 F. Supp. 1406, 1420 (N.D. Cal. 1984) (granting writ to United States citizen of Japanese ancestry to vacate his conviction for being in a place from which persons of Japanese ancestry were excluded). To date, the "contours" of the writ of error *coram nobis* "have not been well defined." *United States v. Ramirez*, 514 F. App'x

42, 44 (2d Cir. 2013) (summary order) (quotation marks and citation omitted). It "is better defined as what it is not rather than what it is. It is not available when habeas corpus is an alternative." *United States v. Fallon*, 10-CV-3889, 2010 WL 4925239, at *1 (E.D. Pa. Dec. 2, 2010).

The Court of Appeals for the Second Circuit has left open the question whether the writ of error *coram nobis* is available to those still in custody. *See Ramirez*, 514 F App'x at 44 (The court "assume[s] without deciding, that the fact that [the defendant] is still serving his custodial sentence *does not* preclude him from seeking relief by way of *coram nobis*" (emphasis added) (citation and footnote omitted)); *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (a writ of *coram nobis* is "*typically* available *only* when *habeas* relief is unwarranted because the petitioner is no longer in custody" (emphasis added)(citation omitted)).

### E. Writ of *Audita Querela*

> [A]udita [q]uerela: . . .1. A writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing defenses . . . 2. A writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact. . . .

*Black's Law Dictionary* 156 (10th ed. 2009).

The writ of *audita querela*, an ancient writ, is "of a most remedial nature, and invented lest in any case there should be an oppressive defect of justice, where a party who has a good defence is too late in making it in the ordinary forms of law." *Humphreys v. Leggett*, 50 U.S. 297, 313 (1850) (internal quotation marks omitted); *see also Stewart v. United States*, 02-CR-0395, 2013 WL 4044756, at *8 (S.D.N.Y. Aug. 9, 2013) (same), *appeal withdrawn*, (Jan. 15, 2014), *motion for relief from judgment denied*, 02-CR-0395, 2013 WL 4806942, at *1 (S.D.N.Y. Sept. 9, 2013), *appeal withdrawn* (Jan. 15, 2014).

"A writ of *audita querela* is an extraordinary remedy" that is now "generally available only if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." *United States v. Quintieri*, 547 F. App'x 32, 33 (2d Cir. 2013), *as amended* (Dec. 2, 2013) (summary order) (quotation marks and citation omitted); *Persico v. United States*, 418 F. App'x 24, 25 (2d Cir. 2011) (same). *See also United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007); *Ramirez v. United States*, 13-CV-6249, 2014 WL 3531266, at *2 (E.D.N.Y. July 15, 2014).

"[F]ew courts ever have agreed as to what circumstances would justify relief" under the writ. *Klapprott v. United States*, 335 U.S. 601, 614 (1949) (plurality, Black, J.); *Triestman v. United States*, 124 F.3d 361, 380 n. 24 (2d Cir. 1997) (same).

### F. Abuse of Writ

"District courts have the power to dismiss a *habeas corpus* petition *sua sponte* for abuse of the writ," by barring "claims that could have been or *were raised* in an earlier *habeas* petition. *Agoro*, 2011 WL 1330771, at *2 (emphasis added). "This doctrine survives the enactment of AEDPA." *Id.* (citing *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) (denying section 2241 petition and finding abuse of writ when petitioner's instant petition raised identical claims as his dismissed petition).

The abuse doctrine applies to petitions deemed motions to amend. *Williams v. United States*, 09-CV-2179, 2013 WL 239839, at *2–4 (S.D.N.Y. Jan. 23, 2013), *appeal docketed*, 13-1095 (2nd Cir. Mar. 25, 2013) (citing generally *Whab*, 408 F.3d at 116); *cf. Hoffenberg v. United States*, 333 F. App'x 625, 629 (2d Cir. 2009) (abuse of writ applies even if the petition is not technically a "second" or "successive" petition).

## IV. Application of Law to Facts

### A. Execution of the Federal Writ of *Habeas Corpus Ad Prosequendum* for Purposes of Federal Prosecution

The instant petition addresses the length of confinement. The court construes it as a section 2241 petition. *See, e.g., Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir. 1991) ("challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241"). Since section 2241 relief is available, neither the writ of error *coram nobis* nor the writ of *audita querela* is appropriate. *See United States v. Sperling*, 367 Fed. App'x 213, 214 (2d Cir. 2010) ("The writ of *audita querela* remains available in very limited circumstances . . . it is probably available where there is . . . objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.") (internal quotation marks and citations omitted); *Procelli v. U.S.*, 404 F.3d 157, 158 (2d Cir. 2005) ("*Coram nobis* is an 'extraordinary remedy' . . . generally sought . . . where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence.") (internal quotation marks and citations omitted). *Coram nobis* would properly *issue, if warranted, by the court of the district in which he was being held beyond his sentence, not in the court of conviction.*

Because the first petition is still pending in the Northern District or the Court of Appeals, the second, instant petition constitutes in effect a motion to amend the petition already decided by the Northern District and before the Court of Appeals for the Second Circuit. The propriety of filing a motion to amend in the Eastern District where the original petition is not before this court is probably improper. *See Williams*, 2013 WL 239839, at *6. In view of the lack of certainty of the law, this court refrains from dismissing on that ground.

Dismissal is based on the fact that the instant petition—in reality, a "motion to amend" the Northern District petition—is an abuse of the writ. The amendment in the form of the instant petition filed in this court is substantially the same as the petition under section 2241 of title 28 in the Northern District. Both petitions contend that (1) the writ of *habeas corpus ad prosequendum* was non extant (either because it never existed or because it was invalid); and, therefore, (2) petitioner should be credited with one year and eleven days of time served in federal custody while being prosecuted in the Eastern District. No new evidence changes the facts supporting the Northern District dismissal.

As Judge Shira Scheindlin pithily put the matter in a similar case, the petition is "essentially an attempt to get another bite at the apple." *Agoro*, 2011 WL 1330771, at *3.

### B. Alleged Interference with New York State Division of Parole

As for the argument that the New York State Division of Parole was given information adverse to petitioner, it is frivolous. The government cannot be inhibited from keeping state authorities informed of evidence relevant to the granting of state paroles.

### V. Conclusion

The petition is dismissed.

Petitioner's motion to be transferred to a different prison closer to the New York metropolitan area is denied as beyond the scope of this court's power. *See* Hr'g Tr.

A certificate of appealability is granted since the litigation involves coordinating action by two districts within the Second Circuit.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: April 28, 2015
Brooklyn, New York